UNITED STATES DISTRICT COURT

MIDDLE DISTRICT of FLORIDA

TAMPA DIVISION

YURI COUTO,

an individual,

                -against-

TECO ENERGY, INC.,
a Florida corporation.

_____CV_____
(Include case number if one has been assigned)

Serve on Registered Agent:
NICHOLSON, DAVID M, Chief Legal Officer
702 N FRANKLIN ST.
TAMPA, FL 33602

**CIVIL COMPLAINT**

Do you want a jury trial?
★ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

1. 28 U.S.C. § 1331 Federal Question: Federal Reserve Act

## II. PARTIES

### A. Plaintiff Information

>YURI J COUTO
>c/o 9302 N 28th St
>Tampa, Florida [33612]
>Hillsborough County
>813-846-2395
>Yuric96@yahoo.ca

### B. Defendant Information

>Name: TECO ENERGY, INC.

>Address for Service of Process:

>>NICHOLSON, DAVID M
>>702 N FRANKLIN ST.
>>TAMPA, FL 33602

## III. STATEMENT OF CLAIM

Place(s) of occurrence:   9302 N 28th St, Tampa, FL 33612

Date(s) of occurrence:   9/22/23

**Whereas** TECO ENERGY, INC. ("TECO," or the "Bank") is an institution-affiliated party pursuant to Federal Deposit Insurance Act, the Plaintiff (the "Principal," or "Account Holder") hereby makes this claim for **breach of contract** by Defendant regarding Plaintiff's account **XXXXXXXX6578**.

**Definitions:**

"Payment" – Satisfaction of a debt in coin of the realm. Hettrick Mfg. Co. v. Barish, 120 Misc.Rep. 673, 199 N.Y.S. 755, 760. The performance of an agreement. A discharge of an obligation or debt. Hattrem v. Burdick, 138 Or. 660, 6 P.2d 18,19

**FACTS:**

1. The Bank has received verified delivery of several indorsed coupon payment instruments with instructions for tender informing the Bank that the Principal wishes to utilize the value of its interest and equity in the account, as well as of all instruments, as value for set-off. Account set-offs have not occurred despite multiple notices made to the Bank stating Principal's requested fiduciary action, while continuing to allege an overdue balance on the account, with an evident implied risk of service termination or cut-off.

2. The Account Holder (the "Principal") is due the total value of the instruments mailed to the Bank, and all equity and interest related to the account, minus deductions for account service costs.

3. Bank's refusal to grant the Principal rightful access to and utilization of his credit, equity and interest in the accounts is a violation of Federal Reserve Act ("FRA") Section 23A(c), which states Bank must maintain 100 per centum of the amount of their extensions of credit to affiliates as security collateral at all times. Violations of said act shall constitute Civil Money Penalties as outlined by Section 29 of the FRA, which include penalties of up to <u>1% of the Bank's total assets per business day</u> of occurrence of the Bank's breach of fiduciary duty, payable to the US Treasury.

**IV. RELIEF**

Plaintiff seeks a court injunction requiring Defendant to perform the following:

1. To apply the total value of the Principal's instruments to the referenced accounts immediately for set-off in full and return to Plaintiff all account overpayments.

2. To apply all Principal's present, past and future check, bill or note instruments to the account for set-off in full.

3. If requested by the Principal at any time, the Bank shall accept duties as a limited agent via power of attorney for the Principal for the specific authority to perform acceptances and indorsements of bills, coupons, notes or other instruments related to the referenced account for monthly set-off, explicitly as instructed by the Principal in writing, with monthly informative statements of such activity.

Lastly, Principal also hereby seeks relief pursuant to the Federal Reserve Act Section 29(c.) Third Tier, Civil Money Penalty ("FRA"). As of 9/22/23, the Bank has been in violation of the

FRA. The penalty amount sought is **15% of the Bank's total assets**, payable to the US Treasury.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

I declare under penalty of perjury that no attorney has prepared or assisted in the preparation of this document.

| | |
|---|---|
| <u>11/21/2023</u> | <u>/s/ Couto, Yuri-Jacintho: Agent</u> |
| Dated | Plaintiff's Signature |

        YURI J COUTO
        c/o 9302 N 28th St, Tampa, Florida [33612]
        813-846-2395
        Yuric96@yahoo.ca