UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YURI COUTO,**

    **Plaintiff,**

v.                               **Case No. 8:23-cv-02689-KKM-AAS**

**TECO ENERGY, INC.,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Yuri Couto, proceeding *pro se*, requests to proceed *in forma pauperis*. (Doc. 2). For the following reason, it is **RECOMMENDED** that Mr. Couto's motion to proceed *in forma pauperis* be **DENIED**, and this action be dismissed without prejudice.

**A.**     **LEGAL STANDARD**

To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2)(B)(i). 28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss a case if it determines that an action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

1

or (iii) seeks monetary relief against a defendant who is immune from such relief."

"A claim is frivolous 'where it lacks an arguable basis either in law or fact.'" *Nezbeda v. Liberty Mut. Ins. Corp. (LIC)*, 306 F. Supp. 3d 1335, 1338 (N.D. Ga. 2017), *aff'd* sub nom. *Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180 (11th Cir. 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A plaintiff does not state a claim under § 1915(e)(2)(B)(ii) when the facts as pleaded do not state a claim for relief that is plausible on its face. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The court recognizes that Mr. Couto is *pro se*, and therefore has an obligation to construe his pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal construction does not allow the court to act as de facto counsel or rewrite otherwise deficient pleadings for a *pro se* litigant. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## II.   ANALYSIS

The court lacks subject matter jurisdiction over Mr. Couto's claims. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously ensure that jurisdiction

exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). A federal court must always dismiss a case upon determining the court lacks subject matter jurisdiction, regardless of the stage of the proceedings. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that its cause falls within this limited grant of jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Mr. Couto's complaint asserts the court has federal question jurisdiction under the Federal Reserve Act (FRA). (Doc. 1, p. 2). The complaint reference

3

Section 23 and Section 29 of the FRA. (*Id.*, p. 4). These provisions, however, do not provide Mr. Couto with a federal cause of action and consequently do not invoke this court's federal question jurisdiction.

Section 23A of the FRA is codified at 12 U.S.C. § 371c and sets forth restrictions on bank holding companies' corporate practices, including restrictions on transactions between subsidiary banks and nonbank affiliates. *See* 12 U.S.C. § 371c. Section 29 of the FRA was added by Financial Institutions Regulatory and Interest Rate Control Act of 1978, and was codified, as amended, at 12 U.S.C. § 504. But that statute provides that "[a]ny penalty imposed under subsection (a), (b), or (c) shall be assessed and collected by (1) in the case of a national bank, by the Comptroller of the Currency; and (2) in the case of a State member bank, by the Board [of Governors of the FRA]." 12 U.S.C. § 504(e). Courts have rejected attempts by private individuals to bring claims under the FRA. *See White v. Lake Union Ga Partners LLC,* No. 1:23-cv-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) ("Multiple courts across the country have held that [Sections 16 and 29 of the FRA do] not provide plaintiffs with a private right of action and therefore do[ ] not establish federal question jurisdiction." (collecting cases)).

The amended complaint is devoid of any federal claim or cause of action and appears instead to be an attempt to bring a state law "breach of contract"

claim for which there is no federal jurisdiction. (Doc. 1, p. 3). While a federal court could have diversity jurisdiction over a state law breach of contract claim, Mr. Couto has not alleged the defendant is a citizen of another state. 28 U.S.C. § 1332(a). In fact, Mr. Couto alleges that he resides in Florida and the defendant is a Florida corporation. (*See* Doc. 1, p. 1). Mr. Couto also has not established the amount in controversy satisfies the jurisdictional minimum of $75,000.

Because Mr. Couto failed to plead any facts demonstrating he may invoke the limited jurisdiction of the federal courts, the complaint is subject to dismissal. When a plaintiff cannot meet the second element of the *in forma pauperis* analysis—by showing that the complaint is neither frivolous nor malicious—the court "need not reach a determination on the issue of whether [the plaintiff] is unable to pay the costs of commencing this action." *See Young v. Marshall*, No. CV 20-0495-JB-MU, 2020 WL 7701517, at *2 (S.D. Ala. Dec. 4, 2020), *report and recommendation adopted*, No. CV 20-0495-JB-MU, 2020 WL 7700580 (S.D. Ala. Dec. 28, 2020) (declining to review the plaintiff's inconsistent and incomplete motion to proceed *in forma pauperis* because the plaintiff lacked standing to bring her asserted claims).

### III.   CONCLUSION

Because the court lacks subject matter jurisdiction, it is

**RECOMMENDED** that Mr. Couto's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**, and this action be dismissed without prejudice.

**ORDERED** in Tampa, Florida on December 6, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc:

Yuri Couto
9302 N 28th St
Tampa, FL 33612